SUMMARY ORDER

Matthew larocci and the City of New Rochelle (“City defendants”) bring this interlocutory appeal from an order of the United States District Court for the Southern District of New York (Conner, J.), granting in part and denying in part their motion for summary judgment. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
City defendants argue that larocci is entitled to qualified immunity as a matter of law because plaintiff-appellee Amorosa-no-LePore (“LePore”) has failed to make out a pyima facie claim for retaliation under the First Amendment. They argue that the lower court assumed a critical fact in the absence of any record evidence, and that an incident between plaintiff and a coworker was an intervening act that interrupted the causal chain between LePore’s speech and the initiation of disciplinary proceedings.
“[A] district court’s denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable ‘final decision’ within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.” Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). However, to the extent the denial of qualified immunity turns on a disputed issue of fact, we lack juris *679 diction under § 1291: “a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court’s summary judgment order insofar as that order determines whether or not the pretrial record sets forth a ‘genuine’ issue of fact for trial.” Johnson v. Jones, 515 U.S. 304, 319-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).
The City defendants’ arguments necessarily challenge the district court’s determination that the pretrial record sets forth genuine issues of material fact for trial, chiefly whether LePore’s comments were passed on to defendants at a March 16, 2005 meeting, and whether the defendants were in fact motivated to retaliate against plaintiff. The district court’s denial of qualified immunity therefore does not turn on an issue of law, and we lack interlocutory jurisdiction under 28 U.S.C. § 1291.
Finding no merit in the City defendants’ remaining arguments concerning jurisdiction, we hereby DISMISS the appeal for want of jurisdiction.